UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TOPOIL AB,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 4:15-CV-460 |
| v. | § | |
| | § | ADMIRALTY |
| **M/V ORUC REIS, her engines,** | § | |
| **boilers, tackle, apparel etc.,** *in rem*, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL VERIFIED COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

**COMES NOW** Plaintiff, TOPOIL AB (hereinafter "TOPOIL" or "Plaintiff"), by and through its undersigned counsel, as and for its Verified Complaint against the Defendant M/V ORUC REIS, her engines, boilers, tackle, apparel, etc. *in rem* (hereinafter "M/V ORUC REIS" or "Vessel"), avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V ORUC REIS, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

3.      At all times material hereto Plaintiff, TOPOIL, is foreign corporation engaged in the business of providing maritime necessaries to ships, namely bunkers.  TOPOIL maintains a registered mailing address at Box 5014, 426 05 Västra Frölunda, Sweden and a physical address at Sven Källfelts gata 210, 426 71 Västra Frölunda, Sweden.

4.      At all times material hereto, defendant M/V ORUC REIS was and still is a vessel, registered in the Republic of Panama, with IMO number 9205952, Call Sign 3EYI8, and, is now, or will be during the pendency of this action, within the Southern District of Texas – Houston Division, and subject to the jurisdiction and venue of this Honorable Court.

## II. THE SUBSTANTIVE CLAIMS

5.      TOPOIL was the supplier of bunkers to the M/V ORUC REIS pursuant to a maritime contract and brings this action in order to recover amounts indisputably due and owing.

6.      On or about October 29, 2014, Copenship Bulkers A/S (hereinafter "Copenship"), as charterers of the M/V ORUC REIS and on its behalf and/or its master, entered into an agreement with Plaintiff to provide bunkers (at a rate of USD 475.00 per mt of IF380 2.35% Sulphur, USD 495.00 per mt of IF380 0.98% Sulphur, and USD 765.00 per mt of Marine Gas Oil) for delivery to the Vessel at Gothenburg Rds, Anchorage C.  A copy of the Bunker Confirmation which incorporates TOPOIL's General Terms and Conditions (of May 30, 2013) is attached hereto as **Exhibit 1** and a copy of the Terms and Conditions are attached as **Exhibit 2**.

7.      On October 31, 2014, TOPOIL sold and delivered 91.631 metric tons of IFO 380 (2.35%), 313.476 metric tons of IFO 380 (0.98%), and 30.959 metric tons of MGO as set out in the bunker delivery receipt, to the Vessel at the agreed supply point, Gothenburg Rds, Anchorage C. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 3**.

8.      The Bunker Delivery Receipt bears the signature of the Master and Seal of Vessel

Owners of the MV ORUC REIS.  *See* Exhibit 3.

9. By signing the Bunker Delivery Receipt, the Master acted on behalf of the Vessel and her owner and/or operator to procure bunkers, and thereby accepted them, for the Vessel.

10. The said bunkers delivered to the M/V ORUC REIS were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. Copenship, by virtue of its role as time chartered operator was authorized to order necessaries for the account and on the credit of the Vessel.

11. The M/V ORUC REIS, her time charterer, and owners, received the benefit of such services and are indebted to Plaintiff, TOPOIL and obligated to pay for the aforementioned goods and services.

12. Clause 8.5 of the Terms and Conditions provides TOPOIL with the right to enforce its maritime lien against the Vessel and is "entitled to arrest the vessel and claim payment against the vessel at any port . . . pursuant . . . to the laws of United States of America." *See* Exhibit 3. Accordingly, Plaintiff has the right to assert its maritime lien for the supply of necessaries under the provisions of 46 U.S.C. §§ 31341 *et seq*.

13. As a result of the foregoing, TOPOIL has a maritime lien on the M/V ORUC REIS for the provision of necessaries, enforceable in admiralty in accordance with the provisions of Supplemental Rule C.

14. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

15. Payment of all sums has been duly demanded by Plaintiff from the M/V ORUC REIS and/or Copenship as time charterers, but an outstanding principal amount of USD 222,378.98 remains unpaid. A copy of Plaintiff's outstanding Invoice is attached hereto as

**Exhibit 4**.

16. To date, Defendant has neglected, failed, or otherwise refused to pay the outstanding sum of **USD 222,378.98** which is indisputably due and owing for the bunkers.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

17. Plaintiff repeats and re-alleges all matters averred in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows

18. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Bunker Confirmation and TOPOIL's Terms and Conditions, Plaintiff's claim for the amount of **USD 222,378.98**, attaches as a maritime lien on the said Vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq*. with suit *in rem.*

19. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in the Southern District of Texas and the Fifth Circuit Court of Appeals for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 333,568.47**.

20. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/V ORUC REIS *her engines,* boilers, tackle, apparel, etc. *in rem,* including the issuance of a warrant for the arrest of

the M/V ORUC REIS, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.     That judgment be entered in favor of Plaintiff and against the Defendant M/V ORUC REIS *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.     That the M/V ORUC REIS, her engines, tackle, furniture apparel, appurtenances, etc. after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D.     That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Date:   February 19, 2015                                 CHALOS & CO, P.C.
        Houston, Texas

        By:   /s/ Briton P. Sparkman
              Briton P. Sparkman
              SDTX Federal Id No. 1148116
              George A. Gaitas
              Texas Bar No. 24058885
              Federal Bar No. 705176
              7210 Tickner Street
              Houston, Texas 77055
              (T) (713) 574-9454
              (F) (866) 702-4577

              *Attorneys for Plaintiff*
              TOPOIL AB