United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOPOIL AB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-15-0460 |
| M/V ORUC REIS, her engines, | § | |
| boilers, tackle, apparel, etc., | § | |
| *in rem*, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the court are Claimant V&V Shipping & Transport Co.'s Objection[s] to the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 35) and Plaintiff's Response to V&V Shipping & Transport Co.'s Objections to the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 36).

This court must review de novo any portions of the Magistrate Judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

V&V Shipping & Transport Co. ("V&V") objects to the Memorandum and Recommendation arguing, in part, that the Magistrate Judge overlooked key differences between the terms of the contract before the Fifth Circuit in World Fuel Services Singapore PTE, Limited v. BULK JULIANA M/V, 822 F.3d 766 (5th Cir. 2016), pet. for cert.

filed, ___ U.S.L.W. ___ (June 30, 2016) (No. 16-26), and the terms of the contract at issue in this case. Specifically, V&V contrasts the choice-of-law provisions, noting that the contract before the Fifth Circuit stated that it was governed by United States law, while the contract before this court stated that it was governed by the laws of Sweden with the exception of a choice-of-law provision on the attachment of the vessel. The instant contract allowed the bunker seller to attach the vessel anywhere in the world and to have a maritime lien if the seller was entitled to a lien under the attachment clause itself or the law of the vessel's flag state, the place of the arrest, the supply location, or of the United States.

V&V's expert on Swedish law, Anders Höglund, explained that Swedish law would entitle the bunker seller to attach a vessel but would not allow a maritime lien or the application of United States law to allow a maritime lien if the vessel seizure occurred in Sweden.[1] He also stated that Swedish law would not allow parties to create a maritime lien by contract and implied that, by choosing governing law that allows maritime liens, the parties were attempting to do just that.[2] In his opinion, it was "certainly highly unlikely if a clause involving foreign law on proceedings as

---

[1] See Expert Legal Opinion of Anders Höglund, Exhibit 5 to Claimant V&V Shipping & Transport Co.'s Motion for Summary Judgment or, in the Alternative, Motion to Dismiss Based on *Forum Non Conveniens*, Docket Entry No. 20-5, pp. 5, 6.

[2] See id. at 5.

well as unlawful creating of maritime liens will be accepted as a part of a certain contract and have effect in Sweden."[3]  The Magistrate Judge acknowledged Höglund's opinion that Swedish law would not recognize a maritime lien, but concluded that was not the relevant issue under BULK JULIANA M/V.  The Magistrate Judge found that Plaintiff's expert on Swedish law, Jörgen Almelöv, answered in the affirmative the questions identified in BULK JULIANA M/V: whether the choice-of-law provisions are enforceable under Swedish law and whether the method of incorporation met Sweden's legal standards.  Höglund did not answer these questions but, instead, offered equivocal testimony as to whether Swedish law might not find this provision enforceable because of the outcome.  The court concludes that the Magistrate Judge took into consideration the proper questions of Swedish law.  V&V's objection regarding the application of Swedish law to the contract in this case is **OVERRULED**.

With regard to the other objections to the Magistrate Judge's dispositive recommendations, the court reviewed de novo the challenged portions of the Memorandum and Recommendation, and the court is of the opinion that the Memorandum and Recommendation should be **ADOPTED** in its entirety.

It is **ORDERED** that the Memorandum and Recommendation is hereby **ADOPTED** by this court.

---

[3] Id. at 6.

The parties are **ORDERED** to submit a proposed final judgment, agreed as to form, within twenty days from the date of entry of this Order.  If the parties cannot agree on the form of judgment, each party will submit its own proposed judgment along with a brief explanation why its proposed judgment should be entered by the court.

**SIGNED** at Houston, Texas, this 26th day of September, 2016.

                                          SIM LAKE
                              UNITED STATES DISTRICT JUDGE